**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GILBERTO SAN JUAN LORENZO,

      Petitioner,

v.

                                    Case No. 2:26-cv-02182-MIS-KRS

MARY DE ANDA-YBARRA, Field Office
Director, El Paso Field Office of Immigration
and Customs Enforcement; MARKWAYNE
MULLIN, Secretary of Homeland Security;
ACTING DIRECTOR, U.S. Immigration and
Customs Enforcement; TODD BLANCHE,
Acting U.S. Attorney General; and
WARDEN, Otero County Processing Center,

      Respondents.

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

      **THIS MATTER** is before the Court on Petitioner Gilberto San Juan Lorenzo's pro se

Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 6, 2026. Respondents Mary

De Anda-Ybarra, Markwayne Mullin, Acting Director, U.S. Immigration and Customs

Enforcement, and Todd Blanche ("Federal Respondents"),[1] filed a Notice on July 6, 2026, ECF

No. 6, and a Response on July 23, 2026, ECF No. 7.

---

[1]      Respondent Warden, Otero County Processing Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Petitioner is a citizen of Mexico, Notice to Appear at 1, ECF No. 7-1, who entered the country in 2009, Pet. at 4, ECF No. 1. Petitioner completed probation for a DUI on or about 2016. Id. Petitioner's wife has a terminal cancer diagnosis, and he has four U.S. citizen children. Id. at 4. Petitioner has been in ICE custody since December 25, 2025. Id. Petitioner seeks immediate release, permission to post bond, or release during the pendency of his request for humanitarian parole. Id. at 10. Petitioner asserts violation of his Fifth Amendment rights. Id. at 3.

On March 6, 2026, Petitioner was found by an Immigration Judge (IJ) not to be a community danger or a flight risk and was granted bond, Resp. at 2, ECF No. 7, but his bond was stayed and he was not permitted to post bond, Pet. at 5, ECF No. 1. On March 11, 2026, an IJ "denied Petitioner's application for cancellation of removal, granted post-conclusion voluntary departure, and entered an alternate order of removal to Mexico." Resp. at 2, ECF No. 7. Petitioner attempted to post the $500 bond, Order of the IJ at 2, ECF No. 7-2, but was again denied the opportunity to post bond, Pet. at 5, ECF No. 1. Petitioner appealed, id. at 9, and his appeal was rejected on July 10, 2026, Board of Immigration Appeals (BIA) Decision at 3-4, ECF No. 7-3.

The BIA found that "the respondent is permitted to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order," July 10, 2026. Id. at 3. The BIA also found his appeal of the bond decision moot because "neither an Immigration Judge nor this Board has authority to set bond conditions because a final order has been entered in the respondent's case." BIA Decision at 3, ECF No. 7-4.

On July 14, 2026, Respondents filed Notice incorrectly asserting that "[o]n March 30, 2026, Petitioner appealed an administratively final order of removal from the U.S. Immigration Court." ECF No. 6 at 1. Instead, Petitioner appealed the post-conclusion voluntary departure order that included an alternative of removal. Resp. at 2, ECF No. 7; Order of IJ at 2, ECF No. 7-2; BIA

Decision at 3, ECF No. 7-3. Nevertheless, Respondents notified the Court that the BIA dismissed Petitioner's appeal on July 10 and "ICE Enforcement and Removal Operations has begun scheduling Petitioner for Removal." Notice at 2, ECF No. 6.

Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1231 since he is "subject to a final order of removal" due to the BIA's July 10, 2026, denial of his appeal. Resp. at 4, ECF No. 7. That is incorrect.

"[W]here an appeal is filed regarding an order of voluntary departure, the departure period—and by extension the alternate order of removal—does not take effect until after the administrative appeals have concluded." Garcia v. Warden of Cimarron Corr. Facility, No. CIV-26-494-PRW, 2026 WL 1599405, at *2 (W.D. Okla. June 4, 2026) (citing Dada v. Mukasey, 554 U.S. 1, 10-11 (2008). This is in keeping with the Department of Homeland Security's regulations. "An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: . . .

> If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary departure bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. sec. 1241.1(f).

The post-conclusion voluntary departure period begins when the appeal is denied and the alternative removal order takes effect on the expiration of that period.

Petitioner was issued a post-conclusion voluntary departure order with an alternative order of removal. Order of the IJ at 1-4, ECF No. 7-2. That order included a $500 bond. Id. at 2. When Petitioner pays the $500 bond, he has until 60 days after July 10, 2026, the date of the issuance of

the BIA's decision, ECF No. 7-3, to depart the country or be subject to § 1231, Garcia, 2026 WL 1599405, *2; CFR § 1241.1(f); BIA Decision at 3, ECF No. 7-3 ("[R]espondent is permitted to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security ('DHS'). In the event a respondent fails to voluntarily depart the United States, the respondent shall be removed as provided in the Immigration Judge's order."); see also Hernandez-Hernandez v. Warden, No. 2:26-CV-00974-MIS-JHR, 2026 WL 1031228, at *3 (D.N.M. Apr. 16, 2026) (permitting petitioner to post bond before the date of his voluntary departure). Respondents shall permit Petitioner to post bond.

The Court further orders that Petitioner shall not be re-detained before September 9, 2026, without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Gilberto San Juan Lorenzo's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to permit Petitioner to pay the $500 post-conclusion voluntary departure bond and, upon Petitioner doing so, to **IMMEDIATELY RELEASE** Petition from detention;

3. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

4

4.    Respondents **SHALL NOT** impose any new condition of release;

5.    Respondents **SHALL** file a Notice of Compliance with this Order; and

6.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE